*LOUISIANA STATE INS' CO. vs. SHAMBURGH.*

East'n District:
*May*, 1824.

APPEAL from the court of the first district.

INSURANCE
COMPANY
*vs.*
SHAMBURGH.

MATHEWS, J. delivered the opinion of the court. This suit is brought on three several promisory notes, by the holders against an endorser. The petition contains the usual allegations of presentment for payment, to the maker of the notes, his refusal or neglect to pay, and notice thereof to the endorser, &c. The answer is a general denial of these allegations.

If the maker of a promisory note cannot be found, payment must be demanded at his domicile, if within the state.

After hearing the evidence which was adduced on the trial of the cause in the court below, the judge *a quo* was of opinion that the allegation of a demand of payment and refusal by the drawer, was not supported by legal proof: and consequently gave judgment for the defendant, from which the plaintiffs appealed.

The implied contract, by which a drawer of a bill of exchange, or an endorser of a promisory note becomes liable to pay the amount specified in such instruments, is not immediate and absolute, but only takes place on the refusal of the drawee, or promisor to pay. Hence the necessity, established by the

East'n District.
*May*, 1824.

INSURANCE
COMPANY.
*vs.*
SHAMBURGH.

law which governs this species of contract, that the holder of a bill or note, lies under to demand payment from these parties to the contract before he can acquire any claim or right against the others ; it is a step indispensable, in creating any obligation on their part. An actual demand must be made, or at least due diligence used, in endeavouring to make it. *See Chitty on bills, Edition of* 1821, *page* 315.

In the present case there is no evidence that the notes were presented to the maker personally, for payment ; but this defect of proof on the part of the holders it is contended by their counsel, is cured by the diligence which they used in making a demand of payment from his agent or attorney, with whom he had left, when he removed from the city, the most full and ample powers to represent him in all things touching his affairs.

To support the efficacy of this demand, as to charge the endorser, much pains seem to have been taken by the advocate of the appellants ; and in his written argument, a great variety of cases are exhibited, with lengthy comments, to shew their analogy, or direct application, in support of the principles for

which he contends in the case now under consideration. We have examined attentively the cases cited, and weighed with due respect the arguments of counsel; and after a comparison of the facts of the different causes relied on with those of the present; we are are of opinion that it cannot be subjected to, or rather that it does not come under, the controul of any of the rules therein established.

In all those cases where an actual demand on the maker of a note was dispensed with, or something else considered as equivalent; such as a demand on a different person, or at a place other than the domicil of the acceptor, or promisor, the mode of demand was designated, as to place and person, either in the instrument itself, or directly by the maker; or it arose out of the manner of acceptance, &c.

The certificate of protest for non payment, purports to shew that the demand was made at the domicil of the maker; but contrary to this fact, evidence is introduced which shews that he had changed his domicil or residence from New Orleans, the place where the demand was made to Plaquemine; still within the state, and this removal happened previous to the notes in question becoming due.

In this latter place, or from the maker personally, the demand of payment ought, in pursuance of law, to have been made.    There is no testimony such as existed in the case of *Lanusse* vs. *Massicot*, 3 *Martin*, 261, to shew that the maker of the notes on which the present action is founded, had, at the time when they became due, any house or place in the city, where he usually appeared for the purpose of transacting business.    We are of opinion, with the judge *a quo*, that the evidence does not shew a legal demand on the maker of the notes; but as the counsel for the appellants, is desirous, in the event of a decision against them, to have a judgment as in case of non-suit, and as this court has been in the habit of rendering such judgments in similar cases.

It is ordered that the judgment of the district court be annulled and reversed, and that judgment be entered for the defendant and appellee, as in case of non-suit.    It is further ordered, that he pay costs of appeal and the plaintiffs those of the court below.

*Workman* for the plaintiffs, *Grymes* for the defendant.